No. 2628.

CLABE ELLIS *v.* THE STATE.

1. JURY LAW—VERDICT.—In misdemeanor cases a jury may be permitted, by the court, to separate, as provided by article 688 of the Code of Criminal Procedure, but this rule does not authorize the court to reconvene a jury after it has been finally discharged, in order to remedy an informality in a verdict rendered by it, or to return another verdict.
2. THEFT—FACT CASE.—See the statement of the case for evidence *held* insufficient to support a conviction for hog theft.

APPEAL from the County Court of Houston. Tried below before the Hon. W. A. Davis, County Judge.

The conviction was for the theft of a hog, the property of S. C. Bitner.

The opinion states the facts relative to the verdict.

Stated briefly, the State's proof shows that Bitner's certain white hog, weighing between ninety and one hundred pounds, disappeared on or about February 16, 1888. Bitner did not know whether his said hog was dead or alive, or whether it had estrayed or had been stolen. Two or three witnesses for the State testified that defendant owned a white sow and two white shoats, but if he owned such a white hog as the animal described by Bitner, they did not know it.

The principal witness for the State testified that he heard a shot fired in defendant's field on the morning of February 17, 1888. Going to that point he found the body of a hog that had just been shot, presumably by the defendant, who about that time left the said place and afterwards claimed the hog to be his property. The ears had been freshly removed from the hog when witness reached it. It was a white hog and would weigh between ninety and a hundred pounds. The body of the hog was gone when witness returned to the field on the next day, and the "drag" pointed towards defendant's house.

The defendant's wife and daughter testified, in his behalf, that the white hog killed by defendant in his field on February 17, 1888, belonged to him, defendant.

*Cooper & Moore*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried for the theft of a hog of the value of six dollars. He was found guilty by the jury and the verdict returned by them was, "we, the jury, find the defendant guilty and assess his fine at five dollars." The jury were then discharged by the court; they left the court house and dispersed. In about five minutes afterwards it was discovered that the verdict was fatally defective in that they did not assess some imprisonment in the county jail as part of the punishment, as is required by the statute in cases of theft of hogs if the value be under twenty dollars. (Penal Code,

art. 748.)   Discovering the error the court had the jury recalled and reconvened in the court room, and, over objections of defendant, verbally instructed them that they would have to find imprisonment in the county jail as part of the punishment, and directed them to retire again and consider of their verdict; which they did, and afterwards returned a second verdict as follows: "We, the jury, find the defendant guilty and assess his punishment at a fine of $2.50 and one day in the county jail;" which verdict was received by the court and judgment rendered in accordance therewith.

In misdemeanor cases, whilst it is true that a court may in its discretion permit a jury before verdict to separate (Code Crim. Proc., art. 688), we know of no authority which a court has to discharge a jury finally after they have returned a verdict, no matter how informal and illegal, and have been permitted to separate, to recall and reconvene them again that they may retire and find another and distinct verdict in the case.

"If the jury find a verdict which is informal their attention shall be called to it, and with their consent the verdict may, under the direction of the court, be reduced to proper form." (Code Crim. Proc., art. 715.)   But this, we apprehend, can not be done after they have once been discharged and permitted to leave the court room and become separated, and had opportunity to intermingle and converse with outsiders about the case.

But, aside from this error, we are of opinion the judgment in this case should be reversed because the evidence is wholly insufficient to support it.   There is no evidence establishing the allegation in the indictment that defendant stole a hog, the property of S. C. Bitner, if, indeed, it raises a presumption that he stole the hog of any one.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*